IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOSE ALFREDO SANCHEZ**

v.  Civil No. 1:16cv244-HSO
Civil No. 1:16cv336-HSO
Criminal No. 1:14cr37-HSO-RHW-1

**UNITED STATES OF AMERICA**

### MEMORANDUM OPINION AND ORDER DENYING MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255

BEFORE THE COURT are the Motions [77], [81] of Jose Alfredo Sanchez to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the issues presented, the record, and relevant legal authority, the Court is of the opinion that Sanchez's § 2255 Motions [77], [81] should be both denied without an evidentiary hearing.

### I. FACTS AND PROCEDURAL HISTORY

On December 18, 2014, Jose Alfredo Sanchez ("Sanchez") pleaded guilty to Count 1 of the four-count Indictment [7] in this case. *See* Dec. 18, 2014, Minute Entry. Count 1 charged that

> beginning sometime in August 2013 and continuing up to the date of this indictment, in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **JOSE ALFREDO SANCHEZ, REYES RIOS-CAMACHO, and MAURICIO MORALES-RODRIGUEZ**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II narcotic drug

controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

**QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY**

With respect to all of the defendants, **JOSE ALFREDO SANCHEZ, REYES RIOS-CAMACHO, and MAURICIO MORALES-RODRIGUEZ**, the amount involved in the conspiracy attributable to each as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to each, is 50 grams or more of actual methamphetamine.

All in violation of Section 846, Title 21, United States Code.

Indictment [7] at 1.

As part of his plea, Sanchez entered into a Plea Agreement [52] with the Government which provided, in relevant part, that Sanchez

> expressly waives the following rights (except that Defendant reserves the right to raise ineffective assistance of counsel claims):
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [52] at 5.

Sanchez was sentenced on March 26, 2015, to a term of imprisonment of 292 months as to Count 1 of the Indictment, and Judgment [59] was entered on March 30, 2015. J. [59] at 1-2. The Court ordered that upon release from imprisonment, Sanchez be placed on supervised release for a term of five (5) years as to Count 1.

*Id.* at 3. The Court also ordered Sanchez to pay a $100.00 assessment and an $8,000.00 fine. *Id.* at 5.

On March 31, 2015, Sanchez filed a Notice of Appeal [60]. On direct appeal, the Government sought to enforce the appeal waiver contained in Sanchez's Plea Agreement. On September 9, 2015, the Fifth Circuit granted the Government's Motion and dismissed the appeal. *See* Order [68] at 1.

On June 30, 2016, Sanchez filed a Motion [77] pursuant to 28 U.S.C. § 2255,[1] asking the Court to vacate his sentence and re-sentence him in a manner consistent with *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. [77] at 12. On August 2, 2016, the Court stayed this action pending the United States Supreme Court's final resolution of *Beckles v. United States*, No. 15-8544 (June 27, 2016). *See Beckles v. United States*, 137 S. Ct. 886 (2017).

On September 15, 2016, Sanchez filed another Motion [81] pursuant to 28 U.S.C. § 2255. In this pleading, Sanchez asks the Court to apply a minor-role adjustment and sentence reduction based upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and pursuant to clarifying Amendment 794 of the United States Sentencing Guidelines, which amended the commentary to United States Sentencing Guideline § 3B1.2. Mot. [81] at 4, 12; Mem. [82] 1-4.

---

[1] Sanchez executed the Motion and placed it in the prison mailing system on June 24, 2016. Mot. [77] at 12.

## II. DISCUSSION

A. <u>Construing all facts alleged in Sanchez's favor, he is not entitled to relief pursuant to *Johnson*.</u>

Sanchez asserts that pursuant to *Johnson*, his "prior state convictions for burglary, grand theft auto, and domestic violence are no longer crimes of violence under the ACCA's [Armed Career Criminal Act ] or U.S.S.G. § 4B1.1's Force or Residual Clause," such that his "sentence should be vacated" and he should be re-sentenced. Mot. [77] at 4.

*Johnson* held that imposing an increased sentence under the "residual clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B), violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. *Welch v. United States,* 136 S. Ct. 1257 (2016), held that the rule announced in *Johnson* applies retroactively to cases on collateral review. *Welch*, 136 S. Ct. at 1268.

The ACCA provides that

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .*

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized clause beginning with "or otherwise" is known as the residual clause.

Sanchez seems to argue that the Court mischaracterized his prior convictions as crimes of violence under United States Sentencing Guideline § 4B1.2, and thus purportedly erred in classifying him as a career offender under Section 4B1.1. Prior to their most recent amendments, Section 4B1.2(a) of the Sentencing Guidelines contained a residual clause that was worded identically to the residual clause in the ACCA. *See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (citing U.S. Sentencing Guidelines Manual § 4B1.2(a)). In *Beckles*, the Supreme Court considered whether the Guidelines' residual clause, like the one in the ACCA, is void for vagueness under the Due Process Clause. *Id.* *Beckles* held that because the Guidelines are advisory, they are not subject to a vagueness challenge under the Due Process Clause, such that § 4B1.2(a)(2)'s residual clause is not void for vagueness. *Id.* at 892.

In the present case, Sanchez's sentence was not enhanced under the ACCA; nor was Sanchez sentenced as a career offender under § 4B1.1. *Johnson* is therefore wholly inapplicable here. Even if the Court had relied upon the residual clause of § 4B1.2 in sentencing Sanchez, *Beckles* clearly forecloses Sanchez's argument. *See Beckles*, 137 S. Ct. at 897 ("Because the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness."). Construing all factual allegations in Sanchez's favor, he has not shown that he is entitled to any relief under § 2255 based upon his *Johnson* argument.

B.  <u>Sanchez is not entitled to relief under § 2255 related to Amendment 794.</u>

To the extent that Sanchez's second Motion [81] could be construed as a Motion to amend his original § 2255 Motion [77] pursuant to Federal Rule of Civil Procedure 15, his request to amend should be denied. It is readily apparent from the record that the amended claim would be futile on its merits. *See United States v. Gutierrez*, 548 F. App'x 181, 183 (5th Cir. 2013).

Even if the Court were to permit Sanchez to amend his first § 2255 Motion [77] to include his allegations as to Amendment 794, construing all such allegations in his favor Sanchez has not shown that he is entitled to relief under § 2255 pursuant to Amendment 794 to the Sentencing Guidelines. "Claims of misapplication of the guidelines are not cognizable under § 2255." *United States v. Guerrero*, No. 16-41150, 2017 WL 2703676, at *1 (5th Cir. June 21, 2017) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). A request to reduce a sentence based upon the United States Sentencing Commission's adoption of an amendment lowering a sentencing range is properly construed as arising under 18 U.S.C. § 3582(c)(2). *See id.* (Amendment 794); *United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. 2009) (Amendments 706 and 709).

Nor is Sanchez entitled to relief under § 3582(c)(2). 18 U.S.C. § 3582(c)(2) provides that a court may not modify a term of imprisonment once it has been imposed except that

in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d), which Amendment 794 is not. *Guerrero*, 2017 WL 2703676, at *1 (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also Porter*, 335 F. App'x at 410.

Insofar as Sanchez contends Amendment 794 is a clarifying amendment that should be applied retroactively even though it is not listed in Guideline § 1B1.10, the Fifth Circuit has held that, except on direct appeal, a clarifying amendment is not to be applied retroactively unless the amendment is listed in Guideline § 1B1.10. *Porter*, 335 F. App'x at 410. The authority upon which Sanchez relies, *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), involved the retroactivity of Amendment 794 on a direct appeal and is not controlling. This is not a direct appeal, and persuasive authority indicates that Amendment 794 does not apply retroactively in this case. *See Guerrero*, 2017 WL 2703676, at *1; *Porter*, 335 F. App'x at 410.[2] Sanchez is not eligible for relief under Amendment 794.

---

[2] *See also, e.g., United States v. Estrada*, No. CR 2:14-724-1, 2017 WL 2422882, at *4 (S.D. Tex. June 5, 2017); *Fields v. United States*, No. 3:13-CR-0416-G (04), 2017 WL 2590107, at *2 (N.D. Tex. May 24, 2017), *report and recommendation adopted*, No. 3:13-CR-416(04)-G, 2017 WL 2573231 (N.D. Tex. June 14, 2017); *Harris v. United States*, No. 3:13CR42-MPM, 2017 WL 1450485, at *3 (N.D. Miss. Apr. 20, 2017).

III.  CONCLUSION

Because the Motions, files, and records conclusively show that Sanchez is entitled to no relief, the Court finds that Sanchez's Motions [77], [81] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should both be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motions [77], [81] of Jose Alfredo Sanchez to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, are **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE